UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| THOMAS LEITER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-320 RM |
| | ) | |
| BRANDON HEPLER, et al., | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

Thomas Leiter's claims in his second amended complaint relate to an incident in July 2008 when the pickup truck he was driving was involved in a collision with another vehicle. Mr. Leiter says he struck the other vehicle unintentionally and was unable to stop at the scene because he was suffering an attack of hypoglycemia associated with his diabetic condition. He claims that when police stopped him, he was still confused, unable to concentrate, and suffering cognitive impairment as a result of the hypoglycemic attack. According to Mr. Leiter, officers from the Kosciusko County Sheriff's Department, the Winona Lake Police Department, and the Warsaw Police Department used inappropriate and excessive force against him during his arrest and then wrongfully detained him without investigating his medical condition. He says he suffered a broken shoulder, contusions, pain, discomfort, emotional distress, and mental anguish, which has resulted in his loss of a whole and useful life.

Mr. Leiter filed suit in the Kosciusko Superior Court against Kosciusko County, the Town of Winona Lake, and the City of Warsaw, those entities' police departments, and individual officers of the departments based on his claims of excessive force, false arrest, false imprisonment, unlawful detainment, illegal search and seizure, deprivation of liberty, and denial of medical treatment in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Indiana law. He seeks compensatory and punitive damages, fees, and costs; he represents that he complied with the notice requirements of the Indiana Tort Claims Act before filing suit.

The defendants removed the case to this court, and the motion of defendants Joseph Bumbaugh, Town of Winona Lake, and the Winona Lake Police Department for judgment on portions of Mr. Leiter's second amended complaint under Federal Rule of Civil Procedure 12(c) pends. The Winona Lake defendants seek judgment in their favor on Mr. Leiter's state law claims against Joseph Bumbaugh individually, his state and federal claims against the Winona Lake Police Department, and his claim for punitive damages against them. In response, Mr. Leiter agrees that his claims against the Winona Lake Police Department and his request for punitive damages against the Winona Lake defendants should be dismissed, but he objects to dismissal of his claims against Joseph Bumbaugh because, Mr. Leiter says, his second amended complaint contains allegations sufficient to state a claim against Officer Bumbaugh.

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment after the complaint and answer have been filed. A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b): the court must "'accept all well-pleaded facts alleged in the complaint as true and draw all reasonable inferences in favor of the' non-moving party." Tamayo v. Hamer, 256 F.R.D. 175, 177 (N.D. Ill. 2009) (*quoting* Forseth v. Village of Sussex, 199 F.3d 363, 364 (7th Cir. 2000)). A motion brought under Rule 12(c) is granted "[o]nly when it appears beyond doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007).

The Winona Lake defendants claim that the allegations of Mr. Leiter's second amended complaint don't comply with the requirements of Indiana's Tort Claims Act and so don't state an individual capacity claim against Officer Bumbaugh. The Indiana Tort Claims Act, IND. CODE § 35-13-3-1 *et seq.*, limits a plaintiff's ability to sue a governmental employee and provides that "[a] lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." IND. CODE § 34-13-3-5(c). In addition, the complaint "cannot merely allege wrongdoing in order to defeat the protections afforded under the [Indiana Tort Claims Act] but must assert a reasonable factual

3

basis supporting any allegations of the aforementioned acts." Perrey v. Donahue, 703 F. Supp. 2d 839, 857 (N.D. Ind. 2010). The Winona Lake defendants say that while Mr. Leiter has alleged that Officer Bumbaugh was acting within the scope of his employment during the events at issue, Mr. Leiter hasn't alleged any action by Officer Bumbaugh or set forth a factual basis to support any activity that would fall into any of the five categories enumerated in the statute.

Mr. Leiter has alleged that Officer Bumbaugh "was acting within the course and scope of his employment," Second Amd. Compl., p. 4, ¶ 2, when he "used inappropriate and excessive force on [Mr.] Leiter causing serious and permanent injuries to [Mr.] Leiter . . . including but not limited to a broken shoulder and contusions." Second Amd. Compl., p. 6, ¶ 11. Mr. Leiter claims that he "was intentionally injured by the defendants." Second Amd. Compl., p. 9, ¶ 4. Those allegations meet the procedural requirements of the Federal Rules of Civil Procedure that the complaint contain a "short and plain statement showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also* Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (complaint must contain sufficient factual content to "state a claim to relief that is plausible on its face"). Mr. Leiter's second amended complaint provides "enough detail to give the defendant[s] fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted); *see also* Allgood v. City of Chicago, No. 06-C-2886, 2006 WL

2682302, at *2 (N.D. Ill. Sept. 18, 2006) ("Because the court's jurisdiction over Allgood's common law defamation claim is pursuant to supplemental jurisdiction under 28 U.S.C. § 1367, the defamation claim must comply with the liberal federal notice pleading requirements governed by Federal Rule of Civil Procedure 8(a)(2).").

The court concludes, too, that Mr. Leiter's allegations are sufficient to state a claim under the Indiana Tort Claims Act. While Mr. Leiter might not have used a specific term listed in Indiana Code § 34-13-3-5(c), his allegation that Officer Bumbaugh intentionally used excessive force which resulted in Mr. Leiter suffering a broken shoulder contains a reasonable factual basis to suggest criminal,[1] malicious,[2] or willful and wanton conduct.[3] Accepting as true Mr. Leiter's version of the facts, which the court must do at this stage of the proceedings, the allegations of Mr. Leiter's second amended complaint are sufficient to support a claim under the statute.

Based on the foregoing, the court GRANTS in part and DENIES in part the motion of defendants Joseph Bumbaugh, Winona Lake Police Department, and

---

[1] *See* Indiana Code § 35-42-2-1 (defining the crime of battery as the knowing or intentional touching of another person in a rude, insolent, or angry manner, which becomes a Class A misdemeanor if bodily injury results).

[2] *See* BLACK'S LAW DICTIONARY 969 (7th ed. 1999) (defining "malicious" as "substantially certain to cause injury; without just cause or excuse," and a "malicious act" as "[a]n intentional, wrongful act performed against another without legal justification or excuse").

[3] *See* BLACK'S LAW DICTIONARY 1593-1594 (7th ed. 1999) (defining "willful and wanton misconduct" as "[c]onduct committed with an intentional or reckless disregard for the safety of others, as by failing to exercise ordinary care to prevent a known danger or to discovery a danger. – Also termed *willful indifference to the safety of others*.").

Town of Winona Lake for partial judgment on the pleadings [docket # 35] as follows:

    (a) the motion is GRANTED as to the plaintiff's claims against the Winona Lake Police Department and plaintiff's claim for punitive damages against the Winona Lake defendants and those claims are DISMISSED; and

    (b) the motion is DENIED insofar as the Winona Lake defendants seek judgment on or dismissal of the plaintiff's individual capacity claims against defendant Joseph Bumbaugh.

SO ORDERED.

ENTERED:  <u>January 18, 2011</u>

          <u>/s/ Robert L. Miller, Jr.</u>
          Judge, United States District Court